IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY R. MADISON, | ) | No. C 13-4681 LHK (PR) |
| Plaintiff, | ) ) | ORDER TO SHOW CAUSE REGARDING EXHAUSTION |
| v. | ) ) | |
| KEVIN CHAPPELL, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while housed in San Quentin State Prison, prison officials were deliberately indifferent to plaintiff's serious medical needs. For the reasons explained below, the court issues an order to plaintiff to show cause why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action.

**DISCUSSION**

The Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits

concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Ngo*, 548 U.S. at 93.

Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120. Here, it is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies and no exception to exhaustion is alleged or apparent in the complaint.

In plaintiff's complaint, he concedes that he did not present his claims for review through the prison's grievance procedure. Rather, he claims that waiting to go through the "regular appeal process" could cause serious and irreparable harm. (Compl. at 1-2.) Plaintiff concedes that he did not pursue administrative relief at any level. (*Id.* at 1.)

Accordingly, the court issues an order to plaintiff to show cause as to why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a response to the order to show cause **within fourteen days** from the date this order is filed. The court notes if plaintiff has not fully exhausted his administrative remedies prior to filing this action, the complaint will be dismissed without prejudice.

## CONCLUSION

Plaintiff is ordered to show cause why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written response to the order to show cause **within fourteen days** of the date this order is filed. **Failure to comply with this order within the deadline provided will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).**

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the

1  court informed of any change of address by filing a separate paper with the clerk headed "Notice
2  of Change of Address." He must comply with the court's orders in a timely fashion or ask for an
3  extension of time to do so.
4       IT IS SO ORDERED.
5  DATED:  3/21/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge