IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKEY R. MADISON, | ) | No. C 13-4681 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| KEVIN CHAPPELL, | ) | |
| Defendant. | ) | |

    Plaintiff, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while housed in San Quentin State Prison, prison officials were deliberately indifferent to plaintiff's serious medical needs. On March 24, 2014, the court reviewed plaintiff's complaint and ordered him to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff has not responded. As plaintiff has not shown that he exhausted his administrative remedies prior to filing suit, this action is dismissed without prejudice.

**DISCUSSION**

    The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and

no longer left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Woodford*, 126 S. Ct. at 2387. The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120.

Here, it is obvious from the face of the complaint that plaintiff did not exhaust his administrative remedies and no exception to exhaustion is alleged or apparent in the complaint. Plaintiff concedes that he did not present his claims for review through the prison's grievance procedure. Rather, he claims that waiting to go through the "regular appeal process" could cause serious and irreparable harm. (Compl. at 1-2.) Plaintiff admits that he did not pursue administrative relief at any level. (*Id.* at 1.) Because plaintiff did not exhaust his claims prior to filing this action, and plaintiff's non-response to the order to show cause does not excuse his failure to exhaust, this action will be dismissed without prejudice.

## CONCLUSION

The instant action is DISMISSED without prejudice to filing a new complaint in a new case containing claims that have been exhausted through California's prison administrative process. The clerk shall enter judgment, terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED: 4/16/14

*Lucy H. Koh*
LUCY H. KOH
United States District Judge